IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2021-FL

| | | |
|---|---|---|
| ROBERT AUSTIN HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUPERINTENDENT BELL, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on the motion to dismiss (DE # 6) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Superintendent Bell ("respondent"), to which petitioner did not respond. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion and notifies petitioner of its intent to recharacterize this action as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## STATEMENT OF THE CASE

On January 31, 2011, petitioner filed this action pursuant to 28 U.S.C. § 2254. In his petition, petitioner requests that the court apply "the enhancement law" to his federal sentence in United States v. Hall, No. 2:09-CR-6-BR-2 (E.D.N.C. Mar. 8, 2010). Petitioner states that under the enhancement law, "prisoners now serving a federal consecutive sentence may receive credit on their federal sentence for the entire time spent in a state institution." (Pet. p. 13.) As relief, petitioner requests that the court order that his federal sentence run concurrent with his state sentence.

On March 16, 2011, respondent filed a motion to dismiss, arguing that the court lacks subject

matter jurisdiction to hear petitioner's claim because he is attacking his federal sentence. Although he was notified of respondent's motion, petitioner did not respond.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

Petitioner, a state inmate, brought this action pursuant to 28 U.S.C. § 2254, seeking to challenge his federal sentence. However, § 2254 is the statute used to challenge state court convictions. See 28 U.S.C. § 2254. Because petitioner is not challenging his state court conviction,

2

matter jurisdiction to hear petitioner's claim because he is attacking his federal sentence. Although he was notified of respondent's motion, petitioner did not respond.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

Petitioner, a state inmate, brought this action pursuant to 28 U.S.C. § 2254, seeking to challenge his federal sentence. However, § 2254 is the statute used to challenge state court convictions. See 28 U.S.C. § 2254. Because petitioner is not challenging his state court conviction,

2

Case 5:11-hc-02021-FL   Document 8   Filed 11/28/11   Page 2 of 4

respondent's motion to dismiss his § 2254 petition is GRANTED.

To the extent petitioner is challenging his federal sentence, it must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Pursuant to Castro v. United States, 540 U.S. 375, 384 (2003), the court hereby provides petitioner with notice that it intends to recharacterize this motion as an attempt to file a motion under 28 U.S.C. § 2255. The court also notifies petitioner of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255 (f)(1-4), (h)(1-2).

The court hereby permits petitioner to file a response to the court's proposed recharacterization within twenty-one (21) days from the date of this order. The court advises petitioner that if, within the time set by the court, petitioner agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, petitioner responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will close this case.

If petitioner agrees to or acquiesces in the recharacterization, the court shall permit amendments to the motion to the extent permitted by law. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (noting that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely), overruled on other grounds by, United States v. Blackstock, 513 F.3d 128, 132-133 (4th Cir. 2008). Petitioner is advised that the format of any § 2255 motion must comply with Rule 2, Federal Rules

Governing § 2255 Proceedings, and Local Civil Rule 81.2 of this court. All filings, including § 2255 motions on the correct form, must be submitted to:

Clerk of Court
United States District Court, E.D.N.C.
Terry Sanford Federal Building
310 New Bern Avenue, Room 574
Raleigh, NC 27601
ATTN: Prisoner Litigation Division

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 6) is GRANTED. Petitioner's failure to respond to this court's order within twenty-one (21) days will result in dismissal of this action without prejudice.

SO ORDERED, this the 28 day of November, 2011.

LOUISE W. FLANAGAN
United States District Judge

4